Robert P. Burns, #12227
ROBERT P. BURNS, P.A.
2400 N. Woodlawn Blvd., Suite 215
Wichita, Kansas 67220-3956
(316) 613-2500
rburns@rpbconstructionlaw.com

# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA EX REL. DYNAMIC NETWORKS, LLC,** a Wyoming Limited Liability Company, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. |
| **FORTIS NETWORKS, INC.**, a foreign corporation; and **ALLIED WORLD INSURANCE COMPANY**, a foreign insurance company, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

**COMES NOW** the Plaintiff, United States of America, Ex rel. Dynamic Networks, LLC ("Plaintiff"), by and through its counsel Robert P. Burns, of Robert P. Burns, P.A., and for its cause of action against Defendants, hereby alleges and states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction of the Miller Act claim asserted in this matter pursuant to 40 U.S.C. § 3133(b).  The Court also has supplemental jurisdiction over Plaintiff's pendent state law claim pursuant to 28 U.S.C. § 1367(b).

2. Venue is proper in the United States District Court for the District of Kansas, sitting in Wichita, Kansas, founded upon 28 U.S.C. § 1391(b)(2) and 40 U.S.C. § 3133(b)(3)(B), because the contract between the Owner and Contractor, dated June 14, 2018, the subcontract agreement between Dynamic Networks, LLC and Defendant Fortis Networks, Inc. dated January 22, 2019 ("Subcontract"), and the Miller Act payment bond given by Allied dated June 25, 2018 ("Bond"), were performed or given at Fort Riley, Kansas on the Renovations of the Tactical Equipment Maintenance Facilities (TEMF) Building ("Project"), located at Fort Riley U.S. Army Base in Riley County, Kansas.

## THE PARTIES

3. Plaintiff Dynamic Networks, LLC ("Dynamic") is a Wyoming limited liability company duly formed and existing under the laws of the State of Wyoming, with its principal place of business located in Phoenix, Arizona.  Dynamic is properly registered with the Kansas Secretary of State and is lawfully registered to conduct business in the state of Kansas, including the work that was performed under the Subcontract.

4.  Defendant Fortis Networks, Inc. ("Fortis") is believed to be a foreign corporation with principal place of business in Phoenix, Arizona. Upon information and belief, Fortis is not lawfully registered to conduct business in the state of Kansas. Fortis may be served with process by serving the Statutory Agent Clarence McAllister at 4108 E. Air Lane, Phoenix, Arizona 85034.

5.  Defendant Allied World Insurance Company ("Allied") is believed to be a foreign insurance company with principal place of business in New York, New York. Defendant Allied is authorized to conduct business in the state of Kansas and can be served with process by serving the Registered Agent Karen Colonna at Allied World Assurance, 199 Water Street, 24th Floor, New York, New York 10038. Allied may also be served at 1690 New Britain Ave., Ste. 1, Farmington, CT 06032.

## PROCEDURAL REQUIREMENTS

6.  All conditions precedent for bringing and maintaining this lawsuit have been performed and/or have occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

7.  This case arises out of Defendant Fortis' failure to pay for services rendered and materials provided under the Subcontract.

8.  The Subcontract amount is $697,980.00.

9.  On information and belief, Defendant Fortis entered into a written prime contract with the United States of America, Department of the Army, Contract No. W912DQ17D4016,

Renovations of the Tactical Equipment Maintenance Facilities (TEMF) Building, 7740 Apennines Dr., Fort Riley, Kansas ("Prime Contract").

10. On information and belief, Defendant Fortis, together with Defendant Allied, duly executed and delivered to the United States of America a Miller Act payment bond (Bond No. S001-6826 dated June 25, 2018) for the protection of all persons supplying labor and materials in the prosecution of the work provided under the Prime Contract.

11. The Miller Act payment bond was executed in accordance with the provisions of 40 U.S.C. § 3131(b), and carries a penal sum of $3,830,294.

12. A true and correct copy of the Miller Act payment bond is attached hereto as Exhibit A.

13. On or about January 22, 2019, Plaintiff Dynamic and Defendant Fortis executed the Subcontract to provide certain labor and materials in the construction of the Project.

14. A true and accurate copy of the Subcontract is attached hereto as Exhibit B.

## COUNT I
## THE MILLER ACT, 40 U.S.C. § 3131, et seq.
*(As to Allied World Insurance Company)*

15. Plaintiff Dynamic incorporates by reference all the allegations contained in paragraphs numbered 1 through 14 as if fully stated herein.

16. The provisions of the Miller Act, 40 U.S.C. § 3131, et seq., are applicable to this lawsuit, and Plaintiff Dynamic is within the class of parties intended to be protected by the provisions of the Miller Act.

17. Between January 22, 2019 and December 6, 2019, at the special instance and request of Defendant Fortis and pursuant to the Subcontract, Plaintiff Dynamic provided labor and

materials for the Project, which were incorporated into Defendant Fortis' work under its Prime Contract with the United States Department of the Army.

18. Defendant Fortis has failed and/or refused to pay for labor and materials that were supplied by Plaintiff Dynamic.

19. The unpaid balance due and owing to Plaintiff Dynamic is $414,165.03, exclusive of interest, costs and attorney's fees.

**WHEREFORE**, the United States of America, on behalf of and for the use and benefit of Dynamic Networks, LLC, prays for judgment against Defendant Allied World Insurance Company as follows:

A. The Defendant pay all damages in the approximate amount of $414,165.03;

B. The Defendant pay all costs, fees and expenses for bringing and maintaining this action, including all attorney's fees;

C. The Defendant pay prejudgment interest at the statutory rate from the date the damages were liquidated and certain to the date of judgment, and post-judgment interest at the statutory rate from the date of judgment until paid; and

D. For such other and further appropriate relief as this Court deems just, equitable and proper.

## COUNT II
## BREACH OF CONTRACT
*(As to Fortis Networks, Inc.)*

20. Plaintiff Dynamic incorporates by reference all the allegations contained in paragraphs numbered 1 through 19 as if fully stated herein.

21. On January 22, 2019, Plaintiff Dynamic and Defendant Fortis executed the Subcontract to provide certain labor and materials in the construction of the Project.

22. Under the terms and conditions of the Subcontract, Plaintiff Dynamic agreed to provide certain labor and materials for the construction of the Project and Defendant Fortis agreed to compensate the Plaintiff pursuant to the terms and conditions of the Subcontract.

23. On or about September 16, 2019, Defendant Fortis made a partial progress payment in the form of five (5) joint checks to Plaintiff Dynamic and various of Plaintiff's sub-subcontractors and suppliers. The total of all five (5) of said joint checks was the sum of $102,214.00.

24. At a date unknown to Plaintiff Dynamic, Plaintiff Dynamic, upon information and belief, believes Defendant Fortis or its payment bond surety, Allied, made an additional direct payment to another subcontractor of Plaintiff's on the Project. Said payment was in the amount of $181,600.97.

25. As a result of the payments referred to in the two preceding paragraphs, the balance due and owing on the Subcontract from Defendant Fortis to Plaintiff Dynamic is $414,165.03.

26. Defendant Fortis has failed and refuses to pay the outstanding balance, which is an amount in the approximate amount of $414,165.03.

27. As of the date of filing its Complaint, Plaintiff Dynamic has not been fully compensated for all labor and materials provided for the construction of the Project, and despite proper notice and demand the Defendant Fortis continues to refuse to pay the outstanding balance.

28. At all times relevant hereto, Plaintiff Dynamic has fully complied with the terms and conditions of the Subcontract.

29. As a direct and proximate result of Defendant Fortis' breach of contract, Plaintiff Dynamic has been damaged in the approximate amount of $414,165.03.

**WHEREFORE**, Plaintiff Dynamic prays for judgment against Defendant Fortis as follows:

A. The Defendant pay all damages, which are in the approximate amount of $414,165.03;

B. The Defendant pay all costs, fees and expenses for bringing and maintaining this action, including all attorney's fees;

C. The Defendant pay prejudgment interest at the statutory rate from the date the amount due and owing under the Subcontract first became due (January 5, 2020), and post-judgment interest at the statutory rate from the date of judgment until paid; and

D. For such other and further appropriate relief as this Court deems just, equitable and proper.

## COUNT III
### KANSAS FAIRNESS IN PUBLIC CONSTRUCTION CONTRACT ACT
### K.S.A. 16-1901, et seq.

30. The allegations set forth above in paragraphs 1-29 are incorporated by reference in this Count III as if set forth in full herein.

31. The Subcontract between the parties is subject to the provisions of the Kansas Fairness in Public Construction Contract Act, K.S.A. 16-1901, et seq. (the "Act").

32. Under the Act, the remaining outstanding balance due and owing under the Subcontract is undisputed and is payable by Defendants to Plaintiff.

33. Under the Act, Plaintiff is entitled to recover statutory interest at the rate provided in the Act, 18% per annum.

34. Under the Act, the amount of statutory interest Plaintiff is entitled to recover through and including November 30, 2020 is the sum of $67,401.10.  In addition, the per diem interest on the amount due and on and after December 1, 2020 is the sum of $204.25 per day until said amount is paid in full.

35. Under the Act, Plaintiff is entitled to recover its reasonable attorney's fees for bringing this action to enforce the provisions of the Act in connection with the Subcontract between the parties.  Such amount will be presented and proven at the trial of this case.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, on a joint and several basis, in the principal amount of $414,165.03, plus interest at 18% per annum as required by K.S.A. 16-1901, et seq., its reasonable attorney's fees as required by K.S.A. 16-1901, et seq., along with all other costs and expenses incurred by Plaintiff in connection with this action and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

s/ Robert P. Burns
Robert P. Burns, #12227
Robert P. Burns, P.A.
2400 N. Woodlawn Blvd., Suite 215
Wichita, Kansas 67220-3956
(316) 613-2500
rburns@rpbconstructionlaw.com
*Attorneys for Plaintiff*
*United States of America Ex rel.*
*Dynamic Networks, LLC*

## DESIGNATION OF PLACE OF TRIAL

Plaintiff United States of America Ex rel. Dynamic Networks, LLC designates Wichita, Kansas as the place of trial.

Respectfully Submitted,

s/ Robert P. Burns
Robert P. Burns, #12227
Robert P. Burns, P.A.
2400 N. Woodlawn Blvd., Suite 215
Wichita, Kansas 67220-3956
(316) 613-2500
rburns@rpbconstructionlaw.com
*Attorney for Plaintiff*
*United States of America Ex rel.*
*Dynamic Networks, LLC*